IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SABINE AUGUSTE, and individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ABP CORPORATION and SUE MORELLI<br><br>Defendants. | Civil Action No.:<br><br>Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff, Sabine Auguste (hereinafter "Named Plaintiff") individually and on behalf of all other similarly situated ("Plaintiffs"), by and through their undersigned attorneys, and for their Original Complaint—Collective Action against ABP Corporation, and Sue Morelli ("Defendants"), they do hereby state and allege as follows:

1. The case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") overtime requirements and Defendant's failure to pay Plaintiff and all similarly situated workers for their earned overtime wages for "off the clock" hours worked in excess of forty (40) per workweek. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. 216(b).

**II. JURISDICTION AND VENUE**

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et. seq.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. In particular, Plaintiff worked for Defendants in this District and was denied the overtime wages she is owed in this District. Thus, Plaintiff was harmed in this District.

4. One or more witnesses to the overtime violations alleged in this Complaint reside in this District.

5. On information and belief, some or all of the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III.   THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Sabine Auguste is an individual resident and domiciliary of the State of Georgia (Fulton County). She was employed at the Piedmont Atlanta Hospital Au Bon Pain store as a Sandwich and salad maker.

7. Plaintiff Quentrice Lowe and Adrian Lowe are individuals who worked for Defendants. Their written consents to this action are attached hereto as Exhibits "A" and "B."

8. The Collective Members are all current and former hourly employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

9. At all times material herein, Plaintiffs and those similarly situated are entitled to the rights, protections and benefits provided under the FLSA.

10. Defendant ABP Corporation is a foreign who conducts business in this District, and a substantial part of the events alleged herein occurred in this District.

11. Defendant Sue Morelli is a natural person, President and CEO of ABP Corporation. Morelli exercised control over ABP's business operations. Morelli acted directly or indirectly on behalf of ABP, and, at all times mentioned herein, was an "employer" or joint employer of Plaintiffs within the meaning of the FLSA.

12. Defendants employ approximately 1,500 employees at 61 store locations in 25 states.

13. Defendants have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14. Defendants' current estimated annual revenue is approximately $296.6 million.

15. Defendants' registered agent for service of process is the Corporation Service Company, 84 State Street, Boston MA 02109.

## IV. FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17. At all relevant times herein, Defendants were/are the "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

18. Plaintiffs were employed by Defendants as hourly production employees and each performed "off the clock" work before, during and/or after their scheduled shifts.

19. Plaintiffs' primary daily duties were cashiering, preparing sandwiches, preparing salads, serving customers, restocking products and supplies and cleaning work areas and equipment.

20. Plaintiffs' primary duties performed were not office or non-manual work directly related to the management or general business operations of the Defendants or the Defendant's customers.

21. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment concerning matters of significance.

22. Plaintiffs were not paid overtime for their hours worked off the clock.

23. Under the Fair Labor Standards Act (FLSA), employers must pay employees overtime pay for hours worked in excess of forty (40) in a workweek of at least one and one-half times their regular rates of pay. Defendants deliberately underpaid each plaintiff and intentionally ignored their work performed before and after clocking in and out each day.

24. Plaintiff Sabine Auguste was employed by Defendants as a Sandwich and Salad Maker between February 13, 2020 and August 25, 2020. She was promised an hourly rate of $15.00 an hour but only paid $12.00 an hour on a weekly pay schedule. She regularly worked 40 plus hours a week, five days a week from 1:00pm to 10:00pm.

25. In addition to the 45 hours Ms. Auguste was scheduled to work each week, she also worked an average of 4 additional hours off the clock each week. In total, Ms. Auguste performed approximately 9 hours of unpaid overtime each week, for approximately 27 weeks. This amounts to 243 unpaid hours, which was compensable at the rate of $22.50 (1.5 times her promised hourly rate). Accordingly, Ms. Auguste is owed a total of $5,468 for unpaid overtime wages.

26. Ms. August is also owed back pay for underpayment of the approximately $1,215 hours in which she paid $3.00 per hour less than $15.00 she was promised when she accepted the job. The total backpay she is owed due to the underpayment is $3,645. She was also promised a bonus of $300 that she never received. Defendant owes Ms. Auguste a total of $9,413 in unpaid wages.

27. Defendants violated the FLSA by failing to pay Plaintiff and similarly situated employees overtime for their hours worked beyond 40 a week.

28. Defendants showed reckless disregard in the payment of Plaintiffs and as such have violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former hourly employees who worked for Defendant for at least one week during the three-year period prior to the filing of this action to the present, and performed "off the clock" work that was not compensated at federally mandated overtime rate.

31. Named Plaintiff has actual knowledge, through conversations with her coworkers, that a collective of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of overtime wages.

32. The FLSA Collective Members are similarly situated to Plaintiff in that they were subject to the same violations of the FLSA.

33. Like Plaintiff, the FLSA Collective Members were not paid an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

34. Like Plaintiff, the FLSA Collective Members were employed by Defendants as hourly production employees and each performed "off the clock" work before, during and/or after their scheduled shifts.

35. Like Plaintiff, many of the FLSA Collective Members were not paid at the hourly rates they were promised when they accepted their positions.

36. Plaintiff and the FLSA Collective Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

37. The names and addresses of the FLSA Collective Members of the are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

38. Although the exact amount of damages may vary among the FLSA Collective Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

39. As such, the class of similarly situated Collective Members is properly defined as follows:

> **All current and former hourly employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present, and performed "off the clock" work that was not compensated at federally mandated overtime rate.**

## V. CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

40. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203, and 207 of the FLSA.

41. Plaintiffs were not exempt employees under FLSA.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' overtime compensation.

43. As a result of Defendant's violations of the FLSA, Plaintiffs suffered damages by failing to receive overtime compensation for their off the clock work in accordance with §§ 203, and 207 of the FLSA.

44. As a result of the unlawful acts of Defendant, Plaintiffs were deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

### COUNT TWO
### BREACH OF CONTRACT

45. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as set forth herein and states:

46. Defendants breached their employment agreements with Plaintiffs when they failed to pay Plaintiffs the hourly rates they were promised when they accepted their positions.

**PRAYER FOR RELIEF**

47. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding her and the Collective Members:

a. Overtime wage compensation unadulterated by Defendant's failure to pay Plaintiffs' promised rates of pay;

b. Back pay for failure to pay Plaintiff's their promised rates of pay

c. Liquidated damages;

d. Reimbursement for all expenses and wages wrongfully withheld;

e. An order conditionally certifying this matter as a collective action;

f. An order requiring Defendants to correct its pay practices going forward;

g. Reasonable attorney's fees, costs, and expenses of this action;

h. Pre-judgment interest (to the extent liquidated damages are not awarded) and post judgment interest; and

i. Such other and further relief to which Plaintiff and the Collective Members may be entitled, both in law and in equity.

Respectfully submitted,

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: (470) 207-1559
F: (470) 231.0672
alizana@attorneylizana.com

Taft L. Foley II
The Foley Law Firm

(*APPLYING TO BE ADMITTED PRO HAC VICE*)
3003 South Loop West, Suite 108
Houston, Texas, 77002
T: (832) 778-8182
F: (832) 778-8353
taft.foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**